UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RANDALL GRAY,

                Plaintiff,

v.

UNKNOWN JENNINGS, et al.,

                Defendants.
_____/

Case No. 1:24-cv-877

Honorable Phillip J. Green

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 3.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c).  Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under Rule 21 of the Federal Rules of Civil Procedure, a court may at any time, with or without motion, add or drop a party for misjoinder or nonjoinder.  Fed. R. Civ. P. 21.  Applying this standard regarding joinder, the Court will drop as misjoined Defendants Nichols, Demorest, Demps, and Allen.  The Court will dismiss Plaintiff's claims against the misjoined Defendants without prejudice.

Further, under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Jennings and Gren. The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity claims and Eighth Amendment claims for unconstitutional conditions of confinement. Plaintiff's individual capacity Eighth Amendment excessive force claims against Defendants Buskard, Smith, and Groce remain in the case. The Court will deny Plaintiff's motion to appoint counsel (ECF No. 4).

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan and the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues the following IBC staff:  Second Shift Guard Unknown Jennings, CSS-11 Supervisor Unknown Gren, Second Shift Guard #1132326 Brandon Buskard, Second Shift Guard #1153132 Carson Smith, Second Shift Guard #1138378 Unknown Nichols, Second Shift Guard #1155366 Luman Groce, and Second Shift Guard #1138366 Anthony Demorest. Plaintiff also sues ICF Hearing Investigator Unknown Demps, and ICF

First Shift Guard Unknown Allen.  Plaintiff sues Defendants in their individual and official capacities.

Plaintiff alleges that, on August 21, 2023, between 3:30 p.m. and 4:15 p.m., Defendant Jennings spit on Plaintiff while Plaintiff was in the shower.  (ECF No. 1, PageID.2.)  Shortly thereafter, between 4:15 p.m. and 4:30 p.m., Defendant Gren, Defendant Jenning's supervisor, came to Plaintiff's cell door.  (*Id.*)  Plaintiff told Defendant Gren that Defendant Jennings had spit on Plaintiff, but Defendant Gren did not care.  (*Id.*)

Also between 4:15 p.m. and 4:30 p.m., Defendant Buskard punched Plaintiff and sprayed Plaintiff with a chemical agent and Defendant Smith punched and kneed Plaintiff, all while Plaintiff was in restraints.  (*Id.*)  Between 4:30 p.m. and 5:00 p.m., Defendant Groce told Plaintiff that Plaintiff "will not shower," and dragged Plaintiff out of his cell.  (*Id.*)  During this process, Defendant Groce "yanked" on Plaintiff's arm while Plaintiff was in restraints, causing Plaintiff pain.  (*Id.*, PageID.3.)  Plaintiff was then denied a shower, "placed in restraints," and placed in a cell where Plaintiff was not given the opportunity to consume any liquid or use the restroom, which forced Plaintiff to urinate on himself.  (*Id.*, PageID.2.)

On August 23, 2023, after Plaintiff had been transferred to ICF, Plaintiff asked that he be permitted to write a statement in response to "a misconduct [Plaintiff] received."  (*Id.*, PageID.3.)  Defendant Demps denied Plaintiff the opportunity to write a statement and "did not allow truthful answers to the sanction screening form." (*Id.*)

On September 14, 2023, also while Plaintiff was housed at ICF, Defendant Allen asked Plaintiff whether Plaintiff wanted "to go to court." (*Id.*)  When Plaintiff responded that he did, Defendant Allen told Plaintiff, "Too bad." (*Id.*)

Plaintiff seeks monetary, injunctive, and declaratory relief. (*Id.*, PageID.1, 3.)

## II.   Misjoinder

### A.   Joinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2001), *quoted in Pace v. Timmermann's Ranch and Saddle Shop Inc.*, 795 F.3d 748, 754 n.10 (7th Cir. 2015), *and Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009); *see also United States v. Mississippi*, 380 U.S. 128, 142–43 (1965) (discussing that joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (internal quotation marks omitted).  When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (citation omitted).

Permitting improper joinder in a prisoner civil rights action undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts.  *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004).  The Seventh Circuit has explained that a prisoner like plaintiff may not join in one complaint all the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person— say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA).

Under these circumstances, to allow Plaintiff to proceed with improperly joined claims and Defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of § 1915(g), should any of his claims be dismissed as frivolous or for failure to state a claim.  Courts are therefore obligated to reject misjoined claims like Plaintiff's.  *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Here, Defendant Jennings is the first Defendant identified by name in the factual allegations of the complaint.[2]  Specifically, Plaintiff alleges that on August 21,

---

[2] The analysis of joinder must start somewhere. By accepting the first-named Defendant in Plaintiff's factual allegations as the foundation for the joinder analysis, the Court is considering the issue of joinder of parties as Plaintiff has presented it in his complaint.

2023, Defendant Jennings spit on Plaintiff while Plaintiff was in the shower.  (ECF No. 1, PageID.2.)

Plaintiff's claim regarding Defendant Jennings' August 21, 2023, use of force also implicates Defendant Gren, who Plaintiff alleges did not address Plaintiff's complaints, as well as Defendants Buskard, Smith, and Groce, who were involved in the uses of force that followed.  (*Id.*, PageID.2–3.)  However, no matter how liberally the Court construes Plaintiff's complaint, Plaintiff has not stated at least "one claim against each [remaining] defendant [that] is transactionally related to the claim against the first defendant and involves a common question of law or fact."  *Proctor*, 661 F. Supp. 2d at 778 (citations omitted).  Specifically, Plaintiff does not specify the nature of his claims against Defendants Nichols and Demorest, and Plaintiff's allegations against Defendants Demps and Allen concern events that occurred at a separate facility, which are unrelated to the events of August 21, 2023.  Accordingly, the Court concludes that, while Defendants Jennings, Gren, Buskard, Smith, and Groce are properly joined, Plaintiff has improperly joined Defendants Nichols, Demorest, Demps, and Allen.

### B.    Remedy

Because the Court has concluded that Plaintiff has improperly joined Defendants Nichols, Demorest, Demps, and Allen to this action, the Court must determine an appropriate remedy.  Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action."  Fed. Civ. P. R. 21.  Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may

be severed and proceeded with separately.  *See Grupo Dataflux v. Atlas Glob. Grp.,
L.P.*, 541 U.S. 567, 572–73 (2004) ("By now, 'it is well settled that Rule 21 invests
district courts with authority to allow a dispensable nondiverse party to be dropped
at any time . . . .'" (citation omitted)); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir.
2006); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir.
1988) ("[D]ismissal of claims against misjoined parties is appropriate.").  "Because a
district court's decision to remedy misjoinder by dropping and dismissing a party,
rather than severing the relevant claim, may have important and potentially adverse
statute-of-limitations consequences, the discretion delegated to the trial judge to
dismiss under Rule 21 is restricted to what is 'just.'"  *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to
mean without "gratuitous harm to the parties."  *Strandlund v. Hawley*, 532 F.3d 741,
745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir.
2000)); *see also DirecTV*, 467 F.3d at 845.  Such gratuitous harm exists if the
dismissed parties lose the ability to prosecute an otherwise timely claim, such as
where the applicable statute of limitations has lapsed, or the dismissal is with
prejudice.  *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846–47.

Plaintiff brings this action under 42 U.S.C. § 1983.  For civil rights suits filed
in Michigan under § 1983, the statute of limitations is three years.  *See* Mich. Comp.
Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam);
*Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999).  The
statute of limitations begins to run when the aggrieved party knows or has reason to

know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).  Plaintiff's claims against Defendants Demps and Allen occurred in August and September 2023, respectively, and Plaintiff provides the Court with no detail regarding Plaintiff's claims against Defendants Nichols and Demorest. Plaintiff's complaint provides no indication that the statute of limitations has or will run on Plaintiff's claims against the misjoined Defendants, and Plaintiff has provided no basis for this Court to conclude that he would suffer gratuitous harm if claims against the misjoined Defendants are dismissed without prejudice.

Accordingly, the Court will exercise its discretion under Rule 21 and drop Defendants Nichols, Demorest, Demps, and Allen because they are misjoined, and the Court will dismiss Plaintiff's claims against them without prejudice to the institution of new, separate lawsuits.[3]  *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs.").

---

[3] If Plaintiff wishes to proceed with his claims against the misjoined Defendants, he may do so by filing new civil action(s) on the form provided by this Court, *see* W.D. Mich. LCivR 5.6(a), and paying the required filing fees or applying in the manner required by law to proceed *in forma pauperis*. As fully discussed in this opinion, Plaintiff is cautioned that he must limit all future actions to Defendants and claims that are transactionally related to one another. The Court may, in its discretion and without further warning, dismiss any future complaint, or part thereof, filed by Plaintiff that contains claims that are misjoined. Plaintiff is advised that simply because separate and discrete events occurred during Plaintiff's incarceration does mean that all claims arising out these events are properly joined.

### III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly / Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff alleges that Defendants Jennings, Gren, Buskard, Smith, and Groce each used excessive force against Plaintiff, in violation of Plaintiff's Eighth Amendment rights. The Court will also liberally construe Plaintiff's complaint to bring an Eighth Amendment claim for unconstitutional conditions of confinement against Defendant Groce.

### A.    Official Capacity Claims

Plaintiff brings claims against Defendants in both their individual and official capacities. Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal

courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks damages, as well as injunctive and declaratory relief. Official capacity defendants, however, are absolutely immune from monetary damages.  *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998).  The Court, therefore, will dismiss Plaintiff's claims for monetary damages against Defendants in their official capacities.

However, an official capacity action seeking declaratory and injunctive relief constitutes an exception to sovereign immunity.  *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official).  Importantly, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an

14

ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Plaintiff's complaint does not allege an ongoing violation of federal law or seek relief properly characterized as prospective. Plaintiff has been transferred from IBC and ICF to a new correctional facility. The Sixth Circuit has held that transfer to another prison facility moots claims for declaratory and injunctive relief. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. Sept. 20, 1989); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). Underlying the rule is the premise that such relief is appropriate only where the plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the *result* of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g., Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988); *O'Shea v. Littleton*, 414 U.S. 488, 495– 96 (1974). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyons*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495–96. Accordingly, Plaintiff cannot

maintain any official capacity claims for injunctive or declaratory relief against Defendants and his official capacity claims will be dismissed in their entirety.

### B. Eighth Amendment Excessive Force Claims

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)).

Not every shove or restraint, however, gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

16

There is an objective component and a subjective component to an Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. The Court asks "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

"The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9 (internal quotations omitted). The objective component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Id.* at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

### 1.    Defendant Jennings

With respect to Plaintiff's allegations concerning Defendant Jennings, Plaintiff alleges that on one occasion, Defendant Jennings spit on Plaintiff. (*See* ECF No. 1, PageID.2.)  Although deplorable and unprofessional, "a single incident of spitting does not constitute excessive force." *See Tafari v. McCarthy*, 714 F. Supp. 2d 317, 348 (N.D.N.Y. 2010); *see also DeMallory v. Cullen,* 855 F.2d 442, 444 (7th Cir. 1988) (agreeing with the district court's finding that "a correctional officer spitting upon a prisoner does not rise to the level of a constitutional violation"); *Shanklin v. Seals*,

No. 3:07-cv-319, 2010 WL 2942649, at *24 (E.D. Va. July 27, 2010) (finding that a single incident of spitting, while certainly deplorable and offensive, does not rise to the level of a constitutional violation).  The Court, therefore, will dismiss Plaintiff's Eighth Amendment excessive force claim against Defendant Jennings.

### 2.    Defendant Gren

Plaintiff alleges that he told Defendant Gren that Defendant Jennings spit on him, but that Defendant Gren "didn't care."  (ECF No. 1, PageID.2.)  However, government officials may not be held liable under § 1983 for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, Plaintiff fails to allege any facts suggesting that Defendant Gren, encouraged or condoned any constitutional violation by any subordinate, or authorized, approved, or knowingly acquiesced in any alleged misconduct that could be said to have caused a violation of Plaintiff's constitutional rights.  Accordingly, Plaintiff cannot maintain a claim against Defendant Gren premised upon his alleged supervisory responsibilities over Defendant Jennings.

### 3.   Defendants Buskard, Smith, and Groce

Plaintiff alleges that, while Plaintiff was restrained, Defendant Buskard punched Plaintiff and sprayed Plaintiff with a chemical agent, Defendant Smith punched and kneed Plaintiff, and Defendant Groce dragged Plaintiff out of his cell

and "yanked" on Plaintiff's arm, causing Plaintiff pain. Taking these allegations as true as is required at this stage, Plaintiff's Eighth Amendment claims of excessive force against Defendants Buskard, Smith, and Groce cannot be dismissed on screening.

### C.     Eighth Amendment Conditions of Confinement Claims

Plaintiff also contends that, after being sprayed with a chemical agent, Plaintiff "was denied a shower, placed in restraints and placed in a cell" where Plaintiff was not given any water or the opportunity to use the restroom, causing Plaintiff to urinate on himself.  (ECF No. 1, PageID.2.)

To state an Eighth Amendment claim based upon unconstitutional conditions of confinement, the deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities."  *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey*, 832 F.2d at 954.  "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'"  *Hudson*, 503 U.S. at 9 (quoting *Rhodes*, 452 U.S. at 347).  Consequently, "extreme deprivations are required to make out a conditions-of-confinement claim."  *Id.*

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Here, regardless of whether Plaintiff's allegations satisfy the objective prong of the deliberate indifference test, Plaintiff has failed to satisfy the subjective component. Plaintiff has not provided the Court with facts that would plausibly

suggest that any individual named Defendant was responsible for placing Plaintiff in the cell without water or the opportunity to use the restroom, knowing that Plaintiff would remain there for the duration of the night. Thus, Plaintiff's complaint fails to allege that any named Defendant acted with deliberate indifference to a substantial risk of serious harm with respect to these alleged conditions. The Court will dismiss Plaintiff's Eighth Amendment claims for unconstitutional conditions of confinement.

## IV. Motion to Appoint Counsel

In his motion to appoint counsel, Plaintiff states that he is unable to afford an attorney, is limited in his ability to litigate and access the law library and would benefit from counsel's ability to present evidence and cross-examine witnesses. (ECF No. 4, PageID.12.)

Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that the assistance of counsel does not appear necessary to the proper

22

presentation of Plaintiff's position.  Plaintiff's request for appointment of counsel (ECF No. 4) will, therefore, be denied

## Conclusion

The Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 5).  For the foregoing reasons, the Court will drop as misjoined Defendants Nichols, Demorest, Demps, and Allen.  Plaintiff's claims against these Defendants will be dismissed without prejudice.  Additionally, having conducted the review required by the PLRA, the Court determines that Defendants Jennings and Gren will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity claims and Eighth Amendment claims for unconstitutional conditions of confinement.  Plaintiff's Eighth Amendment excessive force claims against Defendants Buskard, Smith, and Groce remain in the case.  The Court will deny Plaintiff's motion to appoint counsel (ECF No. 4).

An order consistent with this opinion will be entered.


Dated:  September 27, 2024                              /s/ Phillip J. Green
                                                                    PHILLIP J. GREEN
                                                                    United States Magistrate Judge